**BRYANT PAPER COMPANY, Appellant, v. Marie Sprague HOLDEN, Executrix of the Estate of Charles Holden, Deceased, Appellee.**

No. 6015.

Circuit Court of Appeals, Sixth Circuit.
Feb. 16, 1933.

For former opinion, see 63 F.(2d) 370.

W. P. Smith of Washington, D. C., for appellant.

F. W. Dewart, of Washington, D. C. (Fred C. Wetmore and L. H. Grettenberger, both of Grand Rapids, Mich., and C. M. Char-

est, of Washington, D. C., on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKS, Circuit Judge.

The petition is denied. We deal here only with point IV thereof, which is that the opinion is contrary to the decisions of the Supreme Court in the cases of United States v. Factors & Finance Co., 288 U. S. 89, 53 S. Ct. 287, 77 L. Ed. 633, and United States v. Memphis Oil Co., 288 U. S. 62, 53 S. Ct. 278, 77 L. Ed. 619, both decided January 9, 1933. We cannot yield to this insistence. In each of these cases a general timely claim for refund was followed by a specific amendment relative thereto and explanatory thereof tendered after the expiration of the statutory period. Such is not this case. Here there was a definite, specific, and timely claim for refund for depreciation upon buildings and machinery and for losses upon certain accounts. After the statute of limitation had run, plaintiff sought to file a refund claim based upon an allowance by the Commissioner of depreciation on the Nashwaak contract. The claim filed after the expiration of the statutory period was a complete departure from the timely claim and bore no relation thereto. The case should therefore be aligned with the case of United States v. Henry Prentiss & Co., Inc., 288 U. S. 73, 53 S. Ct. 283, 77 L. Ed. 626, also decided by the Supreme Court on January 9, 1933, rather than with the cases relied on in the petition to rehear.